## FAIRBANKS NORTH STAR BOROUGH, Appellant,

v.

### Jack P. NOLAN, Appellee.

### No. 4864.

Supreme Court of Alaska.

May 22, 1981.

Terrence H. Thorgaard, Asst. Borough Atty., J. D. Nordale, Borough Atty., Fairbanks, for appellant.

Christopher E. Zimmerman, Fairbanks, for appellee.

Before RABINOWITZ, C.J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

### OPINION

COMPTON, Justice.

This appeal questions the authority of a superior court judge to act in place of a vacationing colleague.

In 1976, Jack Nolan obtained a conditional use permit for his mobile home. That was extended for one year in 1977, but when he applied for an additional extension in 1978, the Fairbanks North Star Borough Planning Commission denied his request. This was affirmed by the Borough Assembly, sitting as a board of adjustment.

Nolan then appealed the Borough's affirmance to the Superior Court. The case was regularly assigned to Judge James R. Blair, who affirmed the Borough's decision on May 29, 1979.[1]

On June 13, the Borough filed a motion for an order directing removal of the mobile home. An opposition and reply were filed. On June 28 the motion was denied by Judge

---

1. The merits of the dispute between Nolan and Borough are not relevant to this appeal.

Gerald J. Van Hoomissen. Judge Blair had left the state on vacation, appointing Judge Van Hoomissen Acting Presiding Superior Court Judge. There was no notice to the parties by Judge Van Hoomissen that he had assigned the case to himself and would rule on the motion during Judge Blair's absence.

The Borough moved to quash Judge Van Hoomissen's order on the ground that he had violated Civil Rule 40(d), which provides:

> *Applications for Orders.* Except as otherwise provided in Rule 63, application for any order in an action or proceeding, including any order in regard to appellate proceedings, shall be made to the judge to whom such action or proceeding is assigned. *However, if the judge to whom such cause is assigned is not accessible, application for an order may be presented to the presiding judge, or in his absence, to any other available judge within the state, upon good cause shown, and orders may then be signed by the judge to whom such application and showing has been made.* This section shall not apply to findings, judgments and orders based upon decisions theretofore announced by a judge, except in the event of the disability of such judge as provided in Rule 63. [Emphasis added.]

Judge Blair was "not accessible" because of his absence from the state. However, before Judge Van Hoomissen or any other available judge could act in Judge Blair's absence, "good cause" would have to be shown. Neither party alleged good cause, moved for a hearing on shortened time,[2] or gave any indication that the motion required determination prior to Judge Blair's return. Further, the record is barren of any evidence suggesting the need for expeditious treatment.[3]

We conclude that the "good cause" requirement of Rule 40(d) was not met, and thus Judge Van Hoomissen abused his discretion in ruling on the Borough's motion. His order is reversed and the matter remanded to Judge Blair for reconsideration.

REVERSED and REMANDED.

BURKE, J., with whom RABINOWITZ, C.J., joins, dissents.

BURKE, Justice, with whom RABINOWITZ, Chief Justice, joins, dissenting.

I respectfully dissent.

Judge Blair is the presiding superior court judge for the Fourth Judicial District. On June 14, 1979, prior to his departure for China, Judge Blair entered an order providing in part,

> [T]he Honorable Gerald J. Van Hoomissen be and hereby is appointed Acting Presiding Superior Court Judge, Fourth Judicial District, for the period of time from June 22, 1979, until such time as Judge James R. Blair returns.

As acting presiding judge, Judge Van Hoomissen was obligated to "perform the duties required of him by law." Rule 37(a), Alaska R. Admin. One of those duties was to "assign the cases pending to the judges ... within the district," and to "expedite and keep current the business of the court." AS 22.10.130. Thus, I believe, there was good cause for Judge Van Hoomissen to act on the borough's motion, and decide the matter himself. Such being the case, Civil Rule 40(d) was not violated.

I would affirm.

---

2. Alaska R.Civ.P. 77(i).

3. Indeed, in Nolan's opposition to the motion he suggested that an evidentiary hearing would be proper before the court acted.